UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> STANDARD CHARTERED BANK, ROCKLAND TRUST COMPANY, and IPS SKY HAVEN, INC., <br><br> Defendants. | Civ. No. 2:17-cv-2039-KM-JBC <br><br> OPINION |

## KEVIN MCNULTY, U.S.D.J.:

Wells Fargo Bank, N.A. ("Wells Fargo") sues defendant IPS Sky Haven, Inc. ("IPS Sky Haven"), a New Jersey corporation with its principal place of business in New Jersey. Standard Chartered Bank ("SCB") and Rockland Trust Company ("RTC") have been terminated from the case by stipulation of dismissal. (ECF No. 18). Defendant IPS Sky Haven has not responded to the complaint, and the Clerk has entered default. (ECF No. 10). Now before the court is the unopposed motion of plaintiff Wells Fargo for default judgment. (ECF No. 20). For the reasons stated herein, the motion for default judgment is granted.

### I. BACKGROUND

The complaint alleges that IPS Sky Haven, a New Jersey corporation, opened a Simple Business Checking Account (Account No. XXXXXX3818) with Wells Fargo. (Complaint ("Compl.", ECF No. 1) ¶ 9). Ismael Pacheco Sierra was designated as an authorized signer on the Account. (Compl. ¶ 10).

1

Around January 12, 2017, the Account received a wire transfer from SCB in the amount of $25,365.00, and from RTC in the amount of $152,867.56. (Compl. ¶¶ 11-12). Around January 13, 2017, IPS Sky Haven initiated a transfer to China Merchants Bank in the amount of $79,201.00. (Compl. ¶ 13). After that transfer and other debit transactions, the Account had a balance of $82,205.56. (Compl. ¶ 14).

A few days later, SCB and RTC notified Wells Fargo that the two wire transfers into the Account were fraudulent. (Compl. ¶¶ 15-16). SCB and RTC requested that Wells Fargo recall the wire transfers and return the funds. (Compl. ¶¶ 15-16). Around February 9, 2017, a substantial portion of the wire transfer out of the Account to China Merchants Bank was returned to the Account. That return of funds, in the amount of $79,161.00, left the Account with a balance of $161,366.56. (Compl. ¶ 17).

Wells Fargo restrained that balance of $161,366.56 (the "Restrained Proceeds"). (Compl. ¶ 18). IPS Sky Haven has failed to provide Wells Fargo with any instuctions regarding the Restrained Proceeds. (Compl. ¶ 19). The Restrained Proceeds are not sufficient to cover the claims of both SCB and RTC. (Compl. ¶ 20).

Wells Fargo, which has no claim of its own to the Restrained funds, then invoked interpleader. It deposited the Restrained Proceeds into the Court Registry so that SCB and RTC could assert their claims to the funds. (Compl. ¶ 21). Wells Fargo then reached a settlement agreement with SCB, RTC, and other interested parties. (*See* ECF No. 20-1).

IPS Sky Haven, however, was not a party to the settlement agreement. Wells Fargo now seeks a default judgment that restrains IPS Sky Haven from instituting any action against Wells Fargo to recover the funds at issue in the settlement agreement.

## II. DISCUSSION

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing

2

*Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the court must determine whether the "unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *DirecTV, Inc. v. Asher*, No. 3-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A Wright & Miller, *Federal Practice & Procedure* § 2688 (3d ed. 1998)).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, No. 12-cv-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations in the complaint. *Id.* at *2-3.

### A. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time period provided by the Federal Rules. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18-19 (3d Cir. 1985).

On April 7, 2017, Wells Fargo personally served IPS Sky Haven, care of Ismael Pacheco Sierra, with a copy of the summons and complaint in interpleader. (*See* ECF No. 10-1). This constitutes adequate service. IPS Sky Haven did not file an answer or otherwise respond to Wells Fargo's complaint at any time. Wells Fargo sought entry of default against IPS Sky Haven and the

3

Clerk entered default on June 14, 2017. (ECF No. 10). On December 12, 2017, Wells Fargo moved for default judgment as to IPS Sky Haven. (ECF No. 20). There has been no response to this motion.

Accordingly, I am satisfied that the prerequisites for filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18-19.

### B. Three-Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of default judgment.

#### i. Meritorious Defense

The evaluation of the first factor is always complicated by the defendants' failure to answer or to oppose the motion. My independent review of the case, however, does not suggest that the claims are legally flawed or that IPS Sky Haven could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations of the complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that Wells Fargo has successfully stated a claim for interpleader relief against IPS Sky Haven.

Moreover, since IPS Sky Haven has not filed any responsive pleadings nor shown cause why a default judgment should not be granted, it has deprived the court of any further basis to determine that it has a meritorious defense or that its default was not willful. *See Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dimedio Lime Co.*, No. 6-cv-4519, 2007 WL 4276559, at *3 (D.N.J. Nov. 30, 2017) (reasoning that "where the Defendant has not filed any responsive pleadings or otherwise shown cause why default judgment should not be granted in plaintiff's favor, the Court is 'not in a position to judge whether the Defendant has a meritorious defense or whether any delay was the

4

result of culpable misconduct'"); *see also Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

### ii. Prejudice and Culpability

The second and third factors also weigh in favor of default. IPS Sky Haven was properly served, but it failed to appear or defend in any manner. It is clear that Wells Fargo has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-cv-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011); *see id.* (finding that a defendant's failure to answer prejudices the plaintiff). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the defendant's culpability in its default." *Id.* In this case, "[t]here is nothing before the Court to show that the Defendant's failure to file an answer was not willfully negligent." *Id.*; *see Prudential Ins. Co. of Am. v. Taylor*, No. 8-cv-2108, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable).

### C. Remedies

Wells Fargo seeks a discharge from liability in connection with the settled interpleader action and a restraint on IPS Sky Haven from commencing an action against Wells Fargo regarding this matter. Wells Fargo's request is granted.

If there was proper service, "[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006); *see also Gulf Coast Galvanizing, Inc. v. Steel Sales Co.*, 826 F. Supp. 197, 203 (S.D. Miss. 1993); *Gen. Accident Grp. v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984). The court may accordingly, in its discretion, grant default judgment

against the non-appearing interpleader defendants where the remaining claimants demonstrate their entitlement to the funds and do not dispute the respective distributions. *See Standard Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014); *cf. Nationwide Mutual Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.6 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund.").

## III. CONCLUSION

For the foregoing reasons, the default judgment will be granted against IPS Sky Haven. IPS Sky Haven is restrained from instituting an action against Wells Fargo regarding the proceeds from the Account in question. An appropriate order accompanies this Opinion.

*[signature]*

**KEVIN MCNULTY**
**United States District Judge**